Elizabeth R. Loveridge, #6025
**WOODBURY & KESLER, P.C.**
265 East 100 South, Suite 300
P.O. Box 3358
Salt Lake City, UT 84110-3358
Tel: (801) 364-1100

Chapter 7 Trustee

### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE DISTRICT OF UTAH

| In re: **Firstline Security, Inc.** Tax ID # 68-0494212 Debtor(s). | Bankruptcy No. 08-20418 JTM (Chapter 7 |
|---|---|

### TRUSTEE'S STATUS REPORT DATED JUNE 15, 2011

### TRUSTEE'S STATUS REPORT

Elizabeth R. Loveridge (the "Trustee"), by and through her counsel of record, hereby files this status report on the Firstline Security, Inc., chapter 7 bankruptcy case.

### Background Facts

1. Firstline Security, Inc. ("Debtor") filed its bankruptcy case on January 25, 2008, under chapter 11 of the United States Bankruptcy Code.

2. On September 9, 2010, Firstline's Chapter 11 case was converted to Chapter 7 and the Trustee was appointed permanent Trustee at the meeting of creditors held on October 12, 2010.

**Bankruptcy Estate Funds**

3.  At the time the case was converted, the Debtor had cash in the amount of $5,655,097.64, of which approximately $5,490,124.48 was in dispute and the subject of litigation between ADT and the Debtor. On the conversion date, the estate held funds of approximately $164,973.16 which was not subject to any dispute or claims by any creditors or third parties. Since that time, and as a result of resolving pending adversary proceedings and resolving the ADT litigation, the Trustee currently holds funds of $6,327,490.19 in the bankruptcy estate's trust account as of the date of this report.

**Appointment of Professionals**

4.  The Trustee sought and obtained bankruptcy court approval to appoint several professionals in this case. On September 23, 2010, the Court entered three orders appointing chapter 7 professionals.The Court approved the appointment of Woodbury & Kesler, P.C. ("W&K") as the Trustee's general bankruptcy counsel. The Court approved the appointment of Prince, Yeates & Geldzahler ("PYG"), as the Trustee's special litigation counsel and also approved the appointment of Barbara Smith Accounting, Inc. as the Trustee's accountant. In addition to these professionals, the Trustee also sought the approval for payment of services of Aftab Hussein, the Debtor's former chief operating officer. The Court entered an order approving the incurring of a chapter 7 administrative claim for Mr. Hussein's services on October 8, 2010. Mr. Hussein completed these services on April 1, 2011.

**Adversary Proceeding Status**

5. On the Conversion Date, the Debtor was the plaintiff in fifteen (15) active adversary proceedings. The following is a list of the adversary proceedings and the status of these proceedings.

a. *Loveridge v. AVAD, LLC, Adv. Pro. No. 10-02071*: This case is open. The Trustee filed a motion for summary judgment which is pending.

b. *Loveridge v. Axonix Corporation et al, Adv. Pro. No. 10-02072*: This case is closed. The Trustee obtained a default judgment for $12,825.00 which she is trying to collect.

c. *Loveridge v. Letterbox Pictures Inc., et. al, Adv. Proc. No. 10-02073*. This case is closed. The Trustee obtained a default judgment for $25,000.00 which she is trying to collect.

d. *Loveridge v. McCathren Management & Real Estate Services, Inc., Adv. Proc. No. 10-02074*. This case is closed. The Trustee settled with McCathren for $7,500.00.

e. *Loveridge. V. MediaRain, LLC et. al, Adv. Proc. No. 10-02075*. This case is open. The Trustee has filed a motion for summary judgment which is pending.

f. *Loveridge v. Orange County Logistics, LLC, Adv. Proc. No. 10-02076*. This case is open. The Trustee is engaging in settlement negotiations.

g. *Firstline Security, Inv. V. The Corporation of the President of the Church of Jesus Christ of Latter-day Saints, Adv. Proc. No. 10-02077*. This case is closed. On the conversion date there was a pending settlement agreement. The Trustee sought and obtained bankruptcy court approval of the settlement agreement for $7,500.00.

  h. *Loveridge v. The United States of America et.al., Adv. Proc. No. 10-02079.* This case is closed. The Trustee settled with the United States of America for $454,715.56.

  i. *Loveridge v. Utah State Tax Commission, Adv. Proc. No. 10-02080.* This case is closed. The Trustee settled with the USTC for $23,000.00.

  j. *Loveridge v. Measom, et. al, Adv. Proc. No. 10-02081.* This case is open. The Trustee has filed a motion for summary judgment which is pending.

  k. *Loveridge v. Sumsion & Crandall, Adv. Proc. No. 10-02082.* This case is closed. The Trustee settled with Sumsion and Crandall for $10,000.00.

  l. *Loveridge v. Thurston, Sr. et al, Adv. Proc. No. 10-02083.* This case is open. The Trustee is conducting discovery in this case.

  m. *Loveridge v. Redd et al, Adv. Proc. 10-02084.* This case is open. The Trustee is engaging in settlement negotiations.

  n. *Loveridge v. Counterforce USA, L.P., Adv. Proc. 10-02090.* This case is open. The Trustee is conducting discovery in this case.

  o. *Loveridge v. Thurston, et al, Adv. Proc. 10-02361.* This case is open. The Trustee is engaging in settlement negotiations.

### Other Settlements

In addition to settling several adversary proceedings, the Trustee has also settled claims where an adversary had not been filed. On December 21, 2010, the Court entered an order approving the Trustee's settlement with Pinnacle Security, LLC. The estate realized $60,000.00

from the Pinnacle settlement. The Trustee also settled claims involved in a state court class action lawsuit for $21,750.00 by court order dated February 15, 2011.

### ADT Settlement

The Trustee has negotiated a settlement of the ADT claims. This settlement agreement is pending and set for hearing on June 27, 2011, at 1:30 p.m. In the settlement agreement the Trustee and ADT have agreed to a payment of $100,000.00 by the estate to ADT and an allowance of an unsecured claim for ADT of $3,100,000.00, and mutual release of claims.

### Administrative Claim Status

The Trustee has paid the following chapter 7 administrative claims:

| | |
|---|---|
| Aftab Hussein Fees & Expenses | $54,937.50 |
| Barbara M. Smith Accounting, Inc. - Fees | $19,102.50 |
| Barbara M. Smith Accounting, Inc. - Expenses | $330.40 |
| U.S. Trustee's Office – Quarterly Fees | $975.00 |
| Storage Fees and Related Document Expenses | $10,086.47 |
| **TOTAL** | **$85,431.87** |

There are anticipated chapter 7 administrative claims incurred by W&K, PYG, and the Trustee's fees. W&K, PYG and the Trustee have not yet filed fee applications requesting approval of chapter 7 administrative fees, but anticipate doing so within 30-60 days. From September 2010 through April 2011, has incurred fees and costs of approximately $60,000.00.

PYG, from September 2010 through April 2011 has incurred fees and costs of approximately $218,922.71. The Trustee anticipates seeking payment of her commission pursuant to the restrictions of 11 U.S.C. §326.

Chapter 11 Administrative Claims. There are pending three applications for allowance of chapter 11 fees and costs. The fees requested are as follows:

| | |
|---|---|
| Prince, Yeates & Geldzahler – Special Counsel - Fees | $915,576.50 |
| Prince, Yeates & Geldzahler – Special Counsel - Expenses | $61,985.42 |
| Parsons Behle & Latimer – Unsecured Creditor's Committee Counsel - Fees | $177,698.50 |
| Parsons Behle & Latimer – Unsecured Creditor's Committee Counsel - Expenses | $5,017.70 |
| The Law Office of Andrews B. Clawson, P.C. - Fees | $33,984.50 |
| The Law Office of Andrews B. Clawson, P.C. - Expenses | $12.00 |
| **TOTAL** | **$1,194,274.62** |

## Priority and General Unsecured Claims Analysis

The Trustee believes she will be able to pay all priority claims in full and will pay a pro rata distribution to general unsecured claims. The Trustee is currently analyzing the claims filed in the case and anticipates she will begin to file objections to claims within 30-60 days.

## Conclusion

The Trustee believes that there are sufficient funds in the estate to pay all allowed chapter 7, chapter 11 and priority claims in full. The Trustee also believes that there will be sufficient

funds to make a pro rata distribution to unsecured creditors. The Trustee anticipates that once the priority claims are resolved, she will make an interim distribution to creditors in this case.

Dated this 15th day of June, 2011.

_____/s/_____
Elizabeth Rose Loveridge
Chapter 7 Trustee

## CERTIFICATE OF SERVICE

I hereby certify that on June 15, 2011, I caused a true and correct copy of the foregoing **TRUSTEE'S STATUS REPORT DATED JUNE 15 2011** to be sent via ECF to the registered users as indicated or otherwise mailed, postage prepaid, to the following and to all parties on the mailing matrix via the BNC:

Office of the United States Trustee via (ECF)

Adam S. Affleck (via ECF)
PRINCE YEATES & GELDZAHLER

J. Thomas Beckett (via ECF)
Parsons Behle & Latimer            _____/s/_____
                                    Renée Christensen